UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,<br><br>                 Petitioner,<br><br>                 -against-<br><br>TRACTEL INC. a/k/a/ TRACTEL INC. SWING STAGE E DIV.,<br><br>                 Respondent. | **PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Case No. _____ |

Petitioner, the New York City District Council of Carpenters, by its counsel Spivak Lipton LLP, respectfully alleges:

## PARTIES

1. Petitioner, the New York City District Council of Carpenters (the "District Council" or "Petitioner"), is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The District Council maintains its office at 395 Hudson Street, New York, New York, 10014.

2. Respondent, Tractel Inc., a/k/a Tractel Inc. Swing Stage East Division ("Tractel" or "Respondent"), is a corporation registered to do business in the State of New York. Respondent maintains its principal place of business at 110 Shawmut Road, Canton, Massachusetts 02021 and, at the relevant times, maintained a place of business at 10-44 Jackson Avenue, Long Island City, New York 11101. Respondent is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. § 152(2).

## JURISDICTION

3. This is an action to confirm an arbitration award rendered by Arbitrator Roger Maher (the "Arbitrator") in favor of the District Council. Jurisdiction of this court is invoked pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(c).

## VENUE

4. Venue is proper in this judicial district pursuant to LMRA Sections 301(a), (c), 29 U.S.C. §§ 185(a), (c) because this is the United States court in and for the judicial district in which Respondent resides, Respondent has designated for service of process, and Petitioner is located and administered and is engaged in representing members.

## FINALITY OF THE ARBITRATION AWARD

5. At all relevant times, Respondent was bound to a collective bargaining agreement ("CBA") with the District Council.

6. The CBA provides for final and binding arbitration of disputes that arise between the parties and names Roger Maher as a designated arbitrator to hear such disputes.

7. Disputes arose between the parties regarding Respondent's violation of the CBA by failing to notify the District Council of a job located at 4 World Trade Center, New York, New York, failing to use the contractual job referral system for the job, and failing to call for a District Council Shop Steward.

8. Upon due notice to all parties, the Arbitrator held a hearing on April 26, 2017. Respondent failed to appear at the hearing. The Arbitrator heard testimony and received evidence from the District Council. When the record was closed, the Arbitrator issued his award (the "Award"). A true and correct copy of the Award is attached hereto as Exhibit A.

9. The Arbitrator found that Respondent violated CBA as grieved by the District Council.

10. As a remedy, the Arbitrator ordered Respondent to pay a total of $3,286.08 to the District Council.[1] Pursuant to the CBA, the Arbitrator ordered the parties to split the cost of the Arbitrator's fee, with each party paying $1,000 directly to the Arbitrator.

11. To date, Respondent has failed to satisfy its obligations pursuant to the Award. Judgment on the Award is therefore necessary to permit the District Council to enforce the Award.

12. The Award has not been vacated or modified by any order of any Court of competent jurisdiction and are still in full force and effect.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests an Order and Judgment granting the following relief:

(i) confirming the May 6, 2017 Arbitration Award of Roger Maher in its entirety;

(ii) directing Tractel to pay $3,286.08 to the District Council;

(iii) directing Tractel to pay $1,000 on behalf of Arbitrator Maher as its contractual half of the Arbitrator's fee;

(iv) directing Tractel to pay prejudgment interest at the New York State statutory rate of nine percent (9%) per annum;

(v) directing Tractel to pay the District Council's reasonable attorneys' fees and costs associated with this action and enforcement of the judgment in this matter;

(vi) directing judgment to be entered thereon;

---

[1] The amount is equivalent to eight hours of wages and benefits for each of one Millwright Foreman, one Millwright Shop Steward, and two Millwright Journeypersons who should have been employed on the job.

3

    (vii)    for such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
         May 4, 2018

SPIVAK LIPTON LLP  
Counsel for Petitioner New York City &  
Vicinity District Council of Carpenters  
1700 Broadway, 21st Floor  
New York, NY 10019  
Tel.: (212) 765-2100  
Fax: (212) 765-8954  
lsigelakis@spivaklipton.com

By: _____  
     Lydia Sigelakis (LS 4995)